IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                     No. CR 09-1868 JB

ROGER MOLINA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the United States' Sentencing Memorandum, filed April 22, 2010 (Doc. 37); and (ii) the Defendant's Sentencing Memorandum, filed April 23, 2010 (Doc. 38). The Court held a sentencing hearing on April 26, 2010. The primary issue is whether the Court should run the sentence it is imposing concurrently, partially concurrently, or consecutively to Defendant Roger Molina's New Mexico state sentences. Because the Court does not believe it is appropriate, in these circumstances, to run the entire sentence concurrently or consecutively, the Court will sentence Molina to 46 months, of which 9 months will run concurrently with the state sentence and 37 months will run consecutively with the state sentence.

## PROCEDURAL BACKGROUND

Molina pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to the plea agreement, the United States stipulated to recommending the low end of the applicable guideline imprisonment range. See Plea Agreement ¶ 9(c), at 5, filed February 8, 2010 (Doc. 35). Molina's sentencing memorandum requests that the Court impose its sentence to run concurrently, or partially concurrently, with his state sentence.

See Defendant's Sentencing Memo. at 2.  Molina is currently serving a state sentence of nine years for residential burglary and felony larceny.  See Presentence Investigation Report ¶¶ 40-41, at 9-10 (disclosed April 12, 2010) ("PSR").  Molina argues that his nine-year state sentence, plus any unexpired term from a concurrent federal sentence, plus a term of supervised release would promote the sentencing goals in 18 U.S.C. § 3553(a), and therefore the sentences should run concurrently, and not consecutively.  See Defendant's Sentencing Memo. at 3.  The United States, in its sentencing memorandum, argues that the Court should run the federal sentence consecutive to Molina's state court sentence based on Molina's extensive criminal history and the nature of the offense.  See United States' Sentencing Memo. at 1.  The United States emphasizes Molina's criminal history, which includes felony convictions for residential burglary, receiving a stolen vehicle, conspiracy (aggravated battery), and larceny.  See United States' Sentencing Memo. at 2.  The United States also contends that Molina's federal offense -- felon in possession of a firearm -- proves that he is a dangerous threat to society and is unwilling to reform his criminal lifestyle.  See United States' Sentencing Memo. at 2.  Moreover, while his federal offense is possession of a firearm, the United States maintains that the firearm was "an illegal sawed-off shotgun, a dangerous weapon devoid of any sporting purpose and designed to wreak maximum havoc."  United States' Sentencing Memo. at 2.

At the sentencing hearing, David A. Streubel, Molina's attorney, stated that there is no link between the crimes for which Molina is serving time in the state system and this federal crime.  See Transcript of Hearing at 6:12-18 (taken April 26, 2010)(Court, Streubel)("Tr.").[1]  Mr. Streubel stated that he predicts that Molina might serve four-and-a-half years of his nine-year sentence in the

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

state system, because New Mexico does not consider residential burglary to be a violent crime. See Tr. at 9:19-10:5 (Streubel).  Mr. Streubel argued that a concurrent sentence would satisfy the § 3553(a) factors.  See Tr. at 5:21-6:7 (Streubel).  Assistant United States Attorney David Walsh stated that he had contacted the New Mexico Department of Corrections and was informed that Molina's projected release date is in the year 2017, but Mr. Walsh stated that he does not believe that takes into account the good time for which Molina will be eligible, which is likely fifty percent. See Tr. at 11:22-12:17 (Walsh).  Mr. Walsh argued that Molina's criminal history weighs heavily in favor of him serving his federal sentence consecutive to his state sentence.  See Tr. at 15:9-12 (Walsh).

## ANALYSIS

The PSR calculated Molina's offense level at 17 and his criminal history category at V, establishing a guideline imprisonment range of 46 to 57 months.  The Court notes that Molina was found in possession of an ERA/BOITA, model 20, 20-gauge weapon made from a shotgun.  The Court has considered the guidelines, and the policy statements in the guidelines, but in arriving at its sentence has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guidelines sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes that the punishment set forth in the guidelines is appropriate for this sort of offense.  The Court believes that a sentence at the low end of the guideline range of 46 months is appropriate in this case.

The Court has carefully considered the circumstances here and believes that it is not appropriate to run Molina's entire sentence concurrently, nor is it appropriate to run the entire sentence consecutive to his state sentence.  The Court is concerned that not requiring Molina to serve time in federal prison sends Molina the wrong message about the seriousness of his federal

offense.  At the same time, the Court is concerned, looking at Molina's early criminal history and the short sentences or probation he served for those crimes, that society has not sent him the clear message that his conduct will be punished severely -- until now.  It was not until his recent state sentence that Molina received a sentence of lengthy jail time.  The Court hopes that Molina's federal sentence and his term of supervised release will provide the proper deterrence from committing criminal acts.  The Court has carefully considered the most effective and fair way to approach Molina's sentence.  The Court believes the best approach -- for purposes of arriving at an appropriate accommodation with the state sentence -- is to disregard Molina's most recent state crimes, for which he is currently serving his state sentence, see PSR ¶¶ 40-41, from the Court's consideration and to consider the rest of Molina's criminal history to calculate how much time should be served consecutive to the state sentence.  Considering Molina's criminal history, excluding his recent convictions, his criminal history category is more consistent with a category IV, which establishes a sentencing guideline range with a low end of 37 months.  The Court believes a consecutive sentence of 37 months and a concurrent sentence of 9 months appropriately reflects the seriousness of Molina's offense in the federal system, promotes respect for the law, and provides a more just punishment than a sentence that is entirely consecutive to Molina's state sentence.  The Court is concerned about deterrence, and believes this sentence affords adequate deterrence and will protect the public.  The Court believes this split sentence fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the Court's task is not to come up with a reasonable sentence, but to come up with one that balances the factors in § 3553(a), the Court believes this split sentence is more reasonable than another 46 months on top of what may be effectively a 54-month state sentence -- one-half of a nine-year sentence -- and is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.  The

Court, therefore, will grant Molina's request to run his federal sentence partially concurrently with his state sentence, as set forth in this opinion. This combination of sentences should be a sufficient wake-up call to Molina that he needs to stop committing crimes or he will be sentenced -- next time -- as a habitual offender for fifteen years in federal court.

**IT IS ORDERED** that Defendant Roger Molina's request for his federal sentence to run partially concurrently with his state sentence. The Court sentences Defendant Roger Molina to 46 months -- of which 37 months are to be served in the custody of the Bureau of Prisons running consecutively with his state sentence and of which 9 months are to be served concurrently with his state sentence.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:
`
Gregory J. Fouratt
  United States Attorney
David M. Walsh
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

David A. Streubel
Streubel, Kochersberger & Mortimer, LLC
Albuquerque, New Mexico

*Attorney for the Defendant*